# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MANUEL OCASIO, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 2:13-CV-303-PRC |
| DALE E. TURNER, | ) ) |
| Defendant | ) ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion In Limine [DE 48], filed with the Court September 1, 2015, by Plaintiff Manuel Ocasio, Jr., by counsel, and Defendant's Motion In Limine [DE 51], filed with the Court September 1, 2015, by Defendant Dale E. Turner, by counsel. The Court has also considered the Memorandum In Support Of Defendant's Motion In Limine [DE 52], filed September 1, 2015, Defendant's Response To Plaintiff's Motion In Limine [DE 55], filed September 11, 2015, and Plaintiff's Response To Defendant's Motions In Limine [DE 57], filed September 12, 2015. No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp.

1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

1. Evidence to bolster Defendant Turner's character.

RULING: The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

Evidence about Defendant Turner's personal work history, ranks, time periods, training, certifications, and the like will be admissible. Evidence of his awards, commendations, and the like will likely not be admissible.

2. Evidence of Plaintiff Ocasio's substance abuse and illegal substance use, if any.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

3. Evidence about Plaintiff Ocasio's attorney fees.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

| | |
|---|---|
| 4. | Evidence or argument that the amount of Plaintiff Ocasio's damages request is over-reaching, is not subject to income taxation, or would burden the public coffers or taxpayers. |
| RULING: | The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard. |
| | Defendant Turner's counsel can reasonably challenge the amount of damages asked by Plaintiff Ocasio. But Defendant Turner's counsel may not suggest income tax considerations, an increased burden on the public coffers or taxpayers, and the like. |
| 5. | Evidence of Plaintiff Ocasio's prior arrests and convictions. |
| RULING: | The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard. |
| | It is denied to the extent that Defendant Turner knew of any history of prior arrests or convictions at the time of or during the April 13, 2012 incident and his awareness was a factor in how much force Defendant Turner used at the time. It is denied to the extent that Defendant Turner may introduce evidence of arrest, criminal charges, infraction charges, trial, case procedure, verdicts, and plea arising out of the April 13, 2012 incident. It is otherwise granted. |
| 6. | Evidence of Defendant Turner's motive or intent during the April 13, 2012 incident. |
| RULING: | The Plaintiff's Motion In Limine is **DENIED** in this regard. |

7. Defendant Turner wearing an ISP uniform or any medals in the presence of the jury.

RULING: The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

Defendant Turner may wear his standard issue ISP uniform at trial. He is not permitted to wear medals or other indicia of special awards or commendations.

8. Evidence of collateral payment of Plaintiff Ocasio's medical expenses.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

9. Comment or argument that anyone may file a lawsuit.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

10. Evidence or argument about the risks of police work.

RULING: The Plaintiff's Motion In Limine is **DENIED** in this regard.

11. Evidence that Defendant Turner apologizes for any harm to Plaintiff Ocasio.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

12. Evidence or argument regarding taxpayer liability.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

13. Evidence or argument regarding general orders, practices, or policies of the ISP.

RULING: The Plaintiff's Motion In Limine is **GRANTED** in this regard.

14. Evidence or argument regarding whether Defendant Turner's use of force was reasonable.

RULING: The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

Lay witnesses will not be permitted to render an opinion on the reasonableness of force used; Plaintiff Ocasio and Defendant Turner will be permitted to do so (see Federal Rule of Evidence 704). Defendant Turner's counsel will, of course, be permitted to argue that Defendant Turner's use of force was reasonable.

15. Evidence or argument presenting a legal conclusion.

RULING: The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

It is granted except that Defendant Turner will be permitted to testify that Plaintiff Ocasio resisted and/or battered him in the April 13, 2012 incident. Defendant Turner's counsel may, of course, argue legal conclusions.

16. Evidence of any medical, psychological, or psychiatric condition of Plaintiff Ocasio caused by Defendant Turner.

RULING: The Defendant's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

Plaintiff Ocasio and other lay witnesses may testify as to his symptoms and effects, if any, in this regard. They may not, however, testify as to a medical, psychological, or psychiatric opinion, diagnosis, or prognosis.

17. Evidence by Plaintiff Ocasio of medical opinions, diagnosis, treatment, or prognosis.

RULING: The Defendant's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

It is granted except Plaintiff Ocasio may testify about his treatments.

18. Evidence or arguments about bad acts of other police officers in unrelated matters.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

19. Evidence or arguments about ISP policies and procedures.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

20. Evidence or argument about Plaintiff Ocasio's damages arising out of his April 13, 2012 arrest and subsequent criminal prosecution.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

21. Evidence of the audio portion of the video made from Defendant Turner's police vehicle on April 13, 2012.

RULING: The Defendant's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

The relevant portions of the audio are admissible; the irrelevant portions are not.

22. Evidence that is inconsistent with Plaintiff Ocasio's criminal convictions.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

23. Evidence that Defendant Turner used excessive force.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

24. Evidence that Plaintiff Ocasio was subjected to repeated vehicle inspections by police or the state of Indiana.

RULING: The Defendant's Motion In Limine is **GRANTED**.

However, if it is evidence of repeated vehicle inspections by Defendant Turner, then the Motion is denied to that extent.

25. Evidence of Plaintiff Ocasio's acquittal on the Battery charge in his criminal prosecution.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

26. Evidence about settlement negotiations.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

27. Evidence and argument that the state of Indiana or its taxpayers are liable to pay a judgment awarded in this case.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

28. Reference to Defendant Turner's counsel as "state lawyers," or "the state," or "Deputies Attorney General" or the like.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

29. Evidence or argument that Defendant Turner is hiding evidence by failing to call a particular witness to testify or to present particular evidence.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

30. Plaintiff Ocasio or his counsel asking the jurors to place themselves in Plaintiff Ocasio's shoes or position.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

31. Evidence or argument regarding attorney fees.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

32. Evidence of any document not produced during discovery.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

Wherefore, the Plaintiff's Motion In Limine [DE 48] is **GRANTED** in part and **DENIED** in part. The Defendant's Motion In Limine [DE 51] is **GRANTED** in part and **DENIED** in part. So **ORDERED** this 15th day of September, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT